## ORZECHOWSKI v. UNITED STATES.

### GRADY v. SAME.

Circuit Court of Appeals, Third Circuit. January 8, 1930.

Nos. 4086, 4092.

John M. Henry and A. M. Oliver, both of Pittsburgh, Pa., for appellants.

John D. Meyer, U. S. Atty., and Jos. A. Richardson, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The cases of John W. Orzechowski, No. 4086, and Martin Grady, No. 4092, tried separately in the court below, but heard as one case in this court, involve the same testimony and the same question, namely, whether on the testimony adduced by the government—for other than character witnesses there was no proof on behalf of the defendants—the court below should have directed their acquittal. As the case narrows to that question, we refrain from reciting the numerous statutes, counts of indictment, etc., in the court below, and confine ourselves to the statute and the count, charging violation thereof, on which each was convicted and sentenced. The statute (26 USCA § 964) provides:

"The following individuals shall each make under oath a return stating specifically the items of his gross income and the deductions and credits allowed under this title. * * * (3) Every individual having a gross income for the taxable year of $5,000 or over, *regardless of the amount of his net income.*"

The count in question charged each of the defendants with having a gross income "of over $5000, to wit, the sum of $58,970.72, during the calendar year 1925," and that he did "wilfully fail and refuse to make the return aforesaid." Admittedly they made no returns. When interviewed by the treasury officers about their failure to make returns, they admitted that during the year in question they had deposit accounts in bank far in excess of $100,000 and stated the deposits were the proceeds of the gambling business they carried on. The proofs further showed they kept no books, but that the wages of their employees and the proportionate share of third parties in the gambling business were paid from time to time from the daily receipts, and that the deposits in bank were the proceeds of the business over and above these expenditures and a comparatively small sum for rent. The records of the bank and the testimony of its officer showed the deposits had been made. It is contended the proofs show that the gambling business was carried on at a loss and therefore there was no income to report. But such a situation, if it be pertinent, does not exist here, because coupled with the assertion of the defendants that there was a loss the testimony is clear that, whatever the defendants eventually did with the money deposited in bank, the sums they deposited showed net earnings as the deposits were from time to time made.

Finding no error in any of the respects contended for, all of which have been duly considered, the judgments below are affirmed.